UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY PATU,<br><br>            Plaintiff,<br><br>    v.<br><br>CORRECTIONS OFFICER JORGENSON, et al.,<br><br>            Defendants. | NO. C15-1128-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Ricky Patu, a state prisoner proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint against Corrections Officers Jorgenson and Reilly. *See* Dkts. 5 & 1-1. Plaintiff alleges that the corrections officers violated his First and Fifth Amendment rights by refusing to let him review rejected mail or send the rejected mail to his home, and by not answering his mail-related kites and appeals. Dkt. 1-1 at 3.

On August 25, 2015, the Court ordered plaintiff to show cause why his IFP application should not be denied because he has previously brought at least three cases that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Dkt. 7 at 2 (citing *Patu v. Allbert*, Case No. 14-765-MJP (Dkt. 13); *Patu v. Lee*, Case No. 15-5332-

REPORT AND RECOMMENDATION - 1

RJB (Dkt. 13); *Patu v. Albert*, Case No. 15-722-RSM (Dkts. 11 & 13)). The Court informed plaintiff that a prisoner who brings three or more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be precluded from proceeding IFP in any other civil action or appeal "unless the prisoner is under imminent danger of serious physical injury" at the time he signed his complaint. 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Because there was no suggestion that the imminent danger standard was satisfied, the Court concluded that plaintiff was ineligible to proceed with this lawsuit without paying the $400.00 filing fee. Dkt. 7 at 2. The Court ordered plaintiff to either explain why his IFP application should not be denied or pay the filing fee. *Id.* at 3. In addition, the Court notified plaintiff that failure to do so would be construed as consent to dismissal of this action without prejudice for failure pay the filing fee. *Id.* at 3.

Plaintiff responded to the Court's order to show cause by filing a second IFP application. Dkt. 8. He did not pay the filing fee, and his second IFP application fails to establish that he is not disqualified under § 1915(g) from proceeding IFP. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status."). Accordingly, the Court recommends that plaintiff's IFP application, Dkt. 5, be DENIED and this action be DISMISSED without prejudice for failure to pay the filing fee. *See* 28 U.S.C. §§ 1914 and 1915. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 22, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be

noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 23, 2015.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 1st day of October, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3